UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEAN JOSEPH BURKE

    Plaintiff,

v.                                      CASE NO. 3:16-cv-1350-J-MCR

ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and disability insurance benefits ("DIB"). Plaintiff claims he became disabled on February 12, 2011. (Tr. 21.) Plaintiff's claims were denied initially and on reconsideration. The administrative law judge ("ALJ") held a hearing on February 12, 2015 (Tr. 39-61), and subsequently issued a decision on April 2, 2015, finding that the Plaintiff was not disabled (Tr. 21-33).

Plaintiff is appealing the Commissioner's decision that he was not disabled from February 12, 2011 through the date of the ALJ's decision.[2] Plaintiff has exhausted his available administrative remedies and the case is properly brought

---

[1]The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12, 15.)

[2]Plaintiff had to establish disability on or before December 31, 2016, his date last insured, in order to be entitled to a period of disability and DIB.

before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED AND REMANDED**.

   I.   **Standard**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's findings).

## II. Discussion

Plaintiff argues three points on appeal. First, Plaintiff argues that the ALJ improperly failed to analyze the impact of obesity on his hip impairment. Plaintiff also argues the ALJ erred by concluding that he had no ongoing issues in his left hip after hip replacement surgery in February of 2014. Second, Plaintiff argues that the ALJ erred in rejecting the opinions of the evaluating physician Dr. Choisser. Finally, Plaintiff argues that the ALJ failed to adequately explain why he rejected the opinions of the state agency reviewing physician. The Commissioner argues that the ALJ sufficiently considered Plaintiff's obesity and properly evaluated the record medical opinions.

### A. The ALJ's Decision

The ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease and bilateral hip osteoarthritis status post total left hip arthroplasty. (Tr. 23.) The ALJ then found that Plaintiff did not have any impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24.) At step four,[3] the ALJ found, in relevant part, that Plaintiff had the residual functioning capacity ("RFC") to:

---

[3]A five-step sequential evaluation process has been established by the Social Security Administration in the Social Security Act, which is used to determine whether an individual is disabled or not. 20 C.F.R. § 404.1250(a).

> perform light work as defined in 20 CFR 404.1567(b) except that he needs a sit/stand option every 30 minutes and he requires the use of a handheld assistive device to reach the workstation, but not while working at the workstation. He is limited to no more than frequent handling and fingering of the right hand. He needs to avoid unprotected heights.

(*Id.*) The ALJ then determined that while Plaintiff was unable to perform his past relevant work, there were jobs that existed in significant numbers in the national economy that he could perform. (Tr. 31.) As such, the ALJ found that the Plaintiff was not disabled during the relevant period. (*Id.*)

### B. Analysis

Plaintiff argues the ALJ erred by failing to consider his obesity in combination with his other severe impairments at step four of the disability analysis. The undersigned agrees.

The Social Security Administration has issued special guidance for consideration of obesity. *See* SSR 02-01p, 2002 WL 3486281 (Sept. 12, 2002). The ruling advises that the combined effects of obesity with other impairments may be greater than the effects of each impairment separately, and that obesity can affect both physical and mental health. *Id*. at *1, *3. The Social Security Administration "will not make any assumptions about the severity or functional effects of obesity combined with other impairments," but will "evaluate each case based on the information in the case record." *Id*. at *6.

The ALJ is "required to consider all impairments, regardless of severity, in

4

conjunction with one another in performing the latter steps of the sequential evaluation." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). The ALJ's failure to consider the combination of a claimant's impairments requires reversal. *See Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985). Further, an ALJ's "conclusory statements to the effect that all impairments were considered in combination are insufficient." *Vitalis v. Comm'r of Soc. Sec.*, No. 6:12-cv-831-Orl-31GJK, 2013 WL 3070869, at *2 (M.D. Fla. June 17, 2013) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). "[I]t is the duty of the ALJ to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

In assessing the record at step four, the ALJ was required to "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations." SSR 02-01p, 2002 WL 3468281 at *8. The ALJ failed to do so here. Indeed, the Commissioner concedes that "the ALJ did not specifically mention Plaintiff's obesity or otherwise discuss his obesity in connection with his RFC assessment," but nevertheless argues the ALJ's statement that "Plaintiff did not have an impairment or combination thereof equivalent in severity as listed in 20 C.F.R. pt. 404, subpt. P., app. 1," is sufficient to implicitly consider Plaintiff's obesity. (Doc. 18 at 7.) However, courts within the Eleventh Circuit disagree

where, as here, an ALJ fails to evaluate the impact of an impairment on Plaintiff's ability to work in accordance with agency regulations. *See Sierra Club v. Martin*, 168 F.3d 1, 4 (11th Cir. 1999) ("[C]ourts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself."); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) ("It is clear that in this case the ALJ did not consider the combination of Walker's impairments before determining her [RFC]."); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) ("The ALJ must address the degree of impairment caused by the '*combination* of physical and mental medical problems.'") (citations omitted) (emphasis in original); *Parker v. Astrue*, No. 8:09-cv-1177-T-TGW, 2010 WL 1836818 at *3 (M.D. Fla. May 3, 2010) (holding that an ALJ's failure to evaluate the impact of obesity on Plaintiff's ability to work warrants reversal); *Smith v. Astrue*, No. 2:08-cv-463-TFM, 2009 WL 737115 at *3 (M.D. Ala. March 20, 2009) (same).

The ALJ's failure to mention SSR 02-01p or otherwise discuss obesity in the decision leaves the Court to speculate whether the ALJ did, in fact, consider the effect of obesity (singularly and in combination with other impairments) on Plaintiff's RFC limitations. The record indicates that Plaintiff was diagnosed with obesity. (Tr. 486, 543.) Moreover, the record reveals that doctors consulted with Plaintiff on his weight and how it impacts his hip impairment. (*See, e.g.*, Tr. 851 ("The hips experience about 4X his weight (>1000 lbs) in mechanical force when

6

he stands.").) For example, prior to and after surgery, his treating physicians emphasized the need for Plaintiff to lose weight. (Tr. 498, 537.) On September 25, 2014, Plaintiff was referred to the Veterans Affairs ("VA") MOVE program by his medical providers due to his obesity.[4] (Tr. 553, 559, 654, 664, 844.) Plaintiff complained that his participation in the program exacerbated his hip problems. (Tr. 559, 873.) Plaintiff's complaints led to his subsequent discharge from the MOVE program without completion. (Tr. 873 (noting that Plaintiff's right hip aggravated him throughout therapy and he sought orthopedic consultation to determine if surgery on his right hip was necessary).) The ALJ's failure to comply with SSR 02-01p warrants reversal here.

To the extent the Commissioner argues that the ALJ's failure to assess the Plaintiff's obesity was harmless error, that contention is unpersuasive. The Court cannot "evaluate [Plaintiff's] obesity to determine whether it is severe or a nonsevere impairment and, if it is a severe impairment, to decide what the functional limitations from that impairment are. That responsibility is assigned to the [ALJ]." *Parker*, 2010 WL 1836818, at *3. Therefore, remand is appropriate in this instance.

On remand, the ALJ shall be directed to evaluate Plaintiff's obesity in

---

[4]The MOVE program is a weight management program created to "annually screen every Veteran who receives care at VA facilities for *obesity*, refer individuals to weight management services, and make available different treatment options that fit the needs and preferences of [] Veterans." U.S. Dept. of Veteran Affairs, https://www.move.va.gov/MOVE/QandA.asp. (emphasis added)

7

conjunction with his other medically determinable impairments.  In light of this conclusion and the possible change in the RFC assessment, the undersigned finds it unnecessary to address Plaintiff's remaining arguments.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

Accordingly, it is hereby **ORDERED:**

1. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner, with instructions for the ALJ to: (a) evaluate Plaintiff's obesity and its effects in combination with Plaintiff's other impairments, pursuant to Social Security Ruling 02-01p; (b) reevaluate Plaintiff's RFC assessment, if necessary; and, (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order, and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)).*  This Order does not extend the time limits for filing a motion for

attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida, on February 22, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record